ON REHEARING
LEIGH M. CLARK, Retired Circuit Judge.
With his application for rehearing, appellant files a motion for a finding of additional facts pursuant to Rule 39(k) ARAP. He alleges additional facts as follows:
“Anna Kennedy stated that she never did actually see the Appellant on the night she was shot and further stated that she did not know who shot her (R. 11-12).
“Officer Johnny Bradley testified concerning the taking of the statement from the Appellant. (R. 18-20). The questioning lasted approximated twenty minutes. (R. 20). Appellant had been in custody only fifteen to twenty minutes before the questioning began. (R. 21). He further stated that he found out all the details of the incident from the Appellant. (R. 24). Although this officer was the arresting officer, no testimony was elicited from him which tended to explain why he arrested this Appellant.
“Officer Wayne Adkinson was the investigating officer on the scene. While this officer was asked whether he attempted to locate the Appellant that evening, no testimony was ever elicited which would explain how or why he focused in on this Appellant. (R. 14-16).
“Willie James Thomas testified that he had seen and gone with Ms. Kennedy almost every day since the incident until the date of trial. (R. 31-32). Appellant told the officers that the firing of the weapon was accidental. (R. 33). He denied making the statement attributed to him by Officer Bradley, (R. 38) and further stated that he could not read. (R. 40).”
We accept the appellant’s statement of additional facts, which when considered with all the evidence in the case would not, we think, cause a change in the result of our opinion on original submission.
Although not necessary, we think, to reach the conclusion we have reached, we now add to our opinion by stating that should there be any concern as to whether there was probable cause for believing that defendant had committed an assault in the first degree, the crime for which he was expressly charged and convicted, there is no basis for any doubt that there was probable cause for believing that defendant was guilty of an assault in the second degree, which is also a felony, and is thus defined in part by Code 13A-6-21(a)(3).
“A person commits the crime of assault in the second degree if;
“He recklessly causes serious physical injury to another person by means of a deadly weapon or a dangerous instrument ... . ”
The trial court submitted to the jury not only the issue of guilt as to assault in the first degree but also as to assault in the second degree and assault in the third degree.
OPINION EXTENDED; APPLICATION FOR REHEARING OVERRULED.
All the Judges concur.